### W. J. HENNON V. THE STATE.

No. 10424.   Delivered December 15, 1926.

**Child Desertion—Evidence—Hearsay—Inadmissible.**

Where, on a trial for child desertion, the state was permitted to prove by a lady that she had visited the home of appellant, and had asked his wife, if his children were in Sunday School, to which she replied that they were not, because they did not have sufficient clothing, the admission of this hearsay testimony necessitates the reversal of the case.

Appeal from the County Court at Law No. 1 of Tarrant County.   Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction for child desertion, penalty a fine of $100 and one year in the county jail.

The opinion states the case.

*Houtchens & Clark* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court at Law No. 1 of Tarrant County of child desertion, punishment fine of $100 and confinement for one year in the county jail.

There are a number of bills of exception in the record which we do not discuss because after examination same appear to reveal no error. Bill of exception No. 1 sets up that the state introduced upon the trial hereof Mrs. Mercer, and over objection she was permitted to testify as follows:

"On the 12th day of January of this year some of the other ladies of the church and myself were making a house-to-house canvass in the interest of the Sunday School.   We were trying to increase our Sunday School and it fell my lot to visit this home, and when I asked Mrs. Hennon if her children were in Sunday School she stated that they were not because they didn't have sufficient clothing."

It needs no analysis or discussion to make plain the proposition that this witness was permitted to testify to the statements made by appellant's wife concerning the destitute and necessitous condition of her children.   This was hearsay.   It bore upon the most contested issue in the case, viz: whether the children were in destitute and necessitous circumstances.   The admission of the testimony was error.   We are not able to say

that it may not have been used by the jury to the injury of appellant.

For the error mentioned the judgment is reversed and the cause is remanded.

*Reversed and remanded.*